IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK ALLEN SR.              )
                               )
          Plaintiff,           )
                               )
                               )        1:20cv184
     v.                        )
                               )
ESTHER BENNETT, et al.         )
                               )
          Defendants.          )

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B), as frivolous and for failure to state a claim.

### LEGAL STANDARD

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with

filing fees, however, [is] not without its problems.  Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants.  In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit."  Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the IFP statute provides, in relevant part, that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . (i) is frivolous . . . [or] (ii) fails to state a claim on which relief may be granted . . . ."  28 U.S.C. § 1915(e)(2)(B).

 As to the first of those grounds, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . .  The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim."  Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted).  In determining frivolousness, the Court may "apply common sense."  Nasim, 64 F.3d at 954.  The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and

-2-

delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted).

As to the second ground for dismissal, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th

## BACKGROUND

Asserting claims under "42 U.S.C.[] § 1983," for Defendants' alleged conspiracy to deprive him of his constitutional rights under the "First Amendment . . . [,] the [Fourteenth] Amendment . . . [,] and the Fourth Amendment" (Docket Entry 2 at 4),[2] Plaintiff initiated this action against seven Defendants: (1) "Esther Bennett" ("Defendant Bennett"), (2) "Mebane Police Department," (3) "Chief T. Caldwell" ("Chief Caldwell"), (4) "Assistant Chief T. A. Byrd" ("Assistant Chief Byrd"), (5) "Patrolman R. B. Aldridge" ("Officer Aldridge"), (6) "Durham County [S]heriff [D]epartment," and (7) "The City of Mebane" (id. at 1-3).[3] The Complaint alleges, in relevant part, the following:

> On 02/17/2020, [Plaintiff] filed a[] [pro se] petition for judicial review in [several criminal cases] with the Clerk of Superior Court. There is reason to

---

Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

[2] For legibility reasons, this Opinion omits all-cap font in all quotations of Plaintiff's materials.

[3] Although the Complaint includes "Mebane Police Department" in its caption, it fails to include that entity in its list of Defendants. (Compare Docket Entry 2 at 1, with id. at 2-3.) In any event, for reasons discussed in this opinion, "Mebane Police Department" does not qualify as a proper legal entity for suit.

-4-

believe [that] this baffled employees of Durham County Sheriff Department and/or Courthouse[. A]s a form of retaliation[,] employees of Durham County Sheriff Department [] communicated a scheme with other police agencies. [ U]pon returning from [a] job interview . . . [, Plaintiff] was traveling down H[ighway] 119 South in the Town of Mebane [when] a[] Durham County Sheriff vehicle passed [him] . . . and a[] green Range Rover turning onto H[ighway] 119 South [and] pulled in front of [Plaintiff's] Audi Q3 from out of nowhere[,] which caused [Plaintiff] to swerve to keep from hitting the back of the vehicle[. Plaintiff] passed Mebane's Police Department and a[] police cruiser was in the police station's parking lot, parked north of the police station.

[Plaintiff] passed the police station and pulled over and got out of [his] Audi Q3[. Plaintiff] was taken aback at how the driver of the green Range Rover had just pulled out onto H[ighway] 119 heading south without caution.

[Plaintiff] was standing at the rear of [his] Audi Q3 when [Officer] Aldridge, a[] Caucasi[a]n male, turned his c[ruise]r emergency lights on.

This officer got out of his patrol ve[hic]le[, along with] a second officer on the passenger side of the ve[hicl]e, and approach[ed Plaintiff] as he was asking questions[, such as] is this your car, is it stolen[,] and [also asking] for [Plaintiff's] driv[er's] license[. Officer Aldridge] flinched and/or made a gesture as if he was going to retr[ie]ve his service weapon, and one may assume this could have been a tactic utilized as a[] feeble attempt to provoke [Plaintiff] into assuming the worst and over[]reacting. A[] second police cruiser showed up[.] This officer was a[] female and [Plaintiff] was asked by her to get in [Plaintiff's] ve[hic]le. [Plaintiff] waited an entire hour before [he] was issued a[] citation and after [he] was given the citation[,] this female officer followed [Plaintiff] around Mebane town limits until [he] was no[ longer] in the town limits of Mebane.

Acting under color of state law, governmental officials acting within their profession devised a scheme in an attempt to retaliate for filing a[] petition for judicial review [] in [Plaintiff's criminal matters] in

-5-

> [the] Superior Court of Durham County. Moreover[,] the
> above-mentioned personnel of Mebane Polic[e] Department
> committed . . . racial profiling a[n] African-American
> driving an Audi Q3, which infringes the equal protection
> of laws. The equal protection of laws clause of the 14th
> Amendment is meant to protect citizens from racial
> profiling[.] Furthermore, personnel[] of Durham County
> Sheriff Department[,] acting under color of state law,
> ret[ali]ated by conjuring a scheme against [Plaintiff]
> for filing a[] petition for judicial review in
> [Plaintiff's criminal matters]. The First
> Amendment . . . communicates the right to petition the
> government for a redre[ss] of grievances. By devising a
> plan as a form of retaliation for filing a[] petition for
> judicial review abridges one's right to petition the
> government for a redre[ss] of gr[ie]vances.

(Id. at 6 (parenthesis and ellipses in original omitted).) The Complaint also includes a request for "the Court to compensate [Plaintiff] in accordance with Federal law." (Id. at 7.)

## DISCUSSION

### I. 1983 Conspiracy Claim

As an initial matter, to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).[4] To plead a civil conspiracy under Section 1983, Plaintiff

---

[4] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State or
> Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States

-6-

must show that (1) Defendants acted jointly in concert, (2) to commit some overt act in furtherance of the conspiracy, which (3) resulted in the deprivation of Plaintiff's constitutional rights. See Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). "[Plaintiff's] evidence must, at least, reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Id. The Complaint fails to adequately state a Section 1983 conspiracy claim.

Here, the Complaint rests upon implausible allegations that Plaintiff's "fil[ing of] a[] petition for judicial review [of his criminal matters] with the Clerk of Superior Court [in Durham County] . . . baffled employees of Durham County Sheriff's Department . . . [and that] as a form of retaliation[,] employees of Durham County Sheriff's Department [] communicated a scheme with [Mebane Police Department]" resulting in an incident in which "a[] Durham County Sheriff vehicle pass[ed Plaintiff while he was driving a vehicle]," followed shortly by a "green Range Rover . . . pull[ing] in front of [Plaintiff's

---

> or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

vehicle] . . . caus[ing Plaintiff] to swerve" and ultimately "pull[] over and g[e]t out of [his vehicle]," later resulting in the arrival of Mebane police officers who issued Plaintiff a citation and "followed [him] around Mebane . . . until [Plaintiff] was no[ longer] in the town limits . . . ." (Docket Entry 2 at 6.) In other words, "[a]ll Plaintiff offers is a conclusory and somewhat outlandish theory . . . [and a]s such, Plaintiff's allegations regarding a conspiracy by Defendants do not rise above the level of mere speculation and thus cannot serve as a basis for relief." Studivent v. Lankford, No. 1:10CV144, 2010 WL 1568451, at *2 (M.D.N.C. Apr. 16, 2010) (unpublished) (internal citation omitted), recommendation adopted, 2012 WL 1205722 (M.D.N.C. Apr. 11, 2012) (Schroeder, J.) (unpublished). "Conspiracy theory claims like Plaintiff's are routinely dismissed as frivolous . . . ." Assa'ad-Faltas v. Carter, No. 1:14CV678, 2014 WL 4566037, at *11 (M.D.N.C. Sept. 15, 2014) (unpublished) (internal bracket and quotation marks omitted) (collecting cases), recommendation adopted, 2014 WL 5361342 (M.D.N.C. Oct. 21, 2014) (unpublished) (Eagles, J.).

Accordingly, the Court should dismiss the Section 1983 conspiracy claim on that basis. Alternatively, the Complaint also fails to state a claim for the additional reasons detailed below.

-8-

Case 1:20-cv-00184-TDS-LPA   Document 7   Filed 09/24/21   Page 8 of 13

## II. Defendant Bennett, Chief Caldwell, and Assistant Chief Byrd

First, beyond naming them as Defendants, the Complaint does not even so much as mention Defendant Bennett, Chief Caldwell, and/or Assistant Chief Byrd. (See Docket Entry 2 at 1-7.) Thus, the Complaint fails to establish Section 1983 claims against these Defendants due to the lack of factual matter suggesting that they violated Plaintiff's constitutional rights. See American Mfrs., 526 U.S. at 49 (requiring allegations of a "depriv[ation] of a right secured by the Constitution or laws of the United States" to state a Section 1983 claim). Put another way, the Complaint does not indicate in any meaningful way that Defendant Bennett, Chief Caldwell, and/or Assistant Chief Byrd engaged in any violation of Plaintiff's constitutional rights as required to state a plausible Section 1983 claim. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

To the extent the Complaint would base Chief Caldwell's and Assistant Chief Byrd's liability upon their job titles, such respondeat superior theories do not exist under Section 1983. See id. at 677. "Instead, a successful individual capacity claim must allege that the defendant was personally involved in the deprivation of [Plaintiff]'s rights." Bunting v. Cooper, Civ. Action No. 5:17-CT-3098, 2017 WL 5639948, at *3 (E.D.N.C. May 23, 2017) (unpublished) (internal quotation marks and citation omitted)

-9-

(citing Iqbal, 556 U.S. at 676, and Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691-92 (1978)).

The Court should therefore dismiss all Section 1983 claims alleged against Defendant Bennett, Chief Caldwell, and Assistant Chief Byrd for failure to state a claim.

### III. Durham County Sheriff's Department, Mebane Police Department, and the City of Mebane

Next, neither the Durham County Sheriff's Department nor Mebane Police Department qualify as legal entities subject to suit. See, e.g., Baker v. Durham Cnty. S.W.A.T. Team, No. 1:14CV878, 2016 WL 2621972, at *4 (M.D.N.C. May 5, 2016) (unpublished) (internal citations and bracket omitted) (dismissing all claims alleged against the Durham Police Department because "a police department is not an independent legal entity with the capacity to sue and be sued"), recommendation adopted sub nom. Baker v. Durham S.E.T., 2016 WL 3747615 (M.D.N.C. July 11, 2016) (unpublished) (Osteen, C.J.); Capers v. Durham Cnty. Sheriff Dept., No. 1:07CV825, 2009 WL 798924, at *5 (M.D.N.C. Mar. 23, 2009) (unpublished) (holding that "Durham County Sheriff Department is not a legal entity capable of being sued").

That leaves only the possibility of a claim under Section 1983 against the City of Mebane, because "Congress did intend municipalities and other local government units to be included among those persons to whom [Section] 1983 applies," Monell, 436

U.S. at 689 (emphasis omitted). However, "'a municipality cannot be held liable solely because it employs a tortfeasor or, in other words, a municipality cannot be held liable under [Section] 1983 on a respondeat superior theory.'" Avery v. Burke Cnty., 660 F.2d 111, 114 (4th Cir. 1981) (quoting Monell, 436 U.S. at 691). Instead, Section 1983 liability could attach to the City of Mebane (or the Durham County Sheriff in place of the Durham County Sheriff's Department) only if "execution of [that] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Collins v. City of Harker Heights, 503 U.S. 115, 121 (1992) (internal quotation marks omitted). Nowhere does the Complaint allege that a policy or custom of the City of Mebane (or the Durham County Sheriff) led to the alleged violations of Plaintiff's constitutional rights. (See Docket Entry 2 at 1-7.)

In sum, the Court should dismiss the Complaint's Section 1983 claims against Durham County Sheriff's Department, Mebane Police Department, and the City of Mebane for failure to state a claim.

## IV. Officer Aldridge

Lastly, as to Officer Aldridge, even liberally construed, the Complaint's conclusory assertions that Officer Aldridge (i) "got out of his patrol ve[hic]le [accompanied by an additional officer]" (id. at 6), (ii) asked Plaintiff questions regarding his ownership of the vehicle, (iii) "[asked] for [Plaintiff's] driv[er's]

-11-

license" (id.), and (iv) "flinched and/or made a gesture as if he was going to retrieve his service weapon" (which Plaintiff asserts "could have been a tactic utilized as a feeble attempt to provoke [Plaintiff] into assuming the worst and over[]reacting" (id.)), do not plausibly establish that Officer Aldridge unlawfully deprived Plaintiff of his constitutional rights.[5]  Therefore, the Court should dismiss the Section 1983 claim against Officer Aldridge for failure to state a claim.

## CONCLUSION

The Court should dismiss the Complaint under Section 1915(e)(2)(B) as frivolous and for failure to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

---

[5] The Complaint also alleges that "Mebane Police Department committed . . . racial profiling." (Docket Entry 2 at 6.) However, beyond referring to Officer Aldridge as "Caucasi[a]n" and identifying Plaintiff as "a[n] African-American [who was] driving an Audi Q3" (id.), the Complaint fails to provide any other factual information to support this claim and thus falls short.  In that regard, the Complaint (as detailed above) acknowledges that Plaintiff received a citation after a near-crash in front of the Mebane Police Department and does not deny the legitimacy of the charged infraction.  See Wilder v. Irvine, No. 6:08CV20, 2008 WL 2726946, at *3 (W.D. Va. July 11, 2008) (unpublished) (dismissing Section 1983 "racial profiling" claim, in part, because the complaint failed to show "what circumstances indicated to [the p]laintiff that he had been the victim of racial profiling")

-12-

**IT IS RECOMMENDED** that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief can be granted.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 24, 2021

-13-

Case 1:20-cv-00184-TDS-LPA   Document 7   Filed 09/24/21   Page 13 of 13